# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| In re CASSAVA SCIENCES, INC. SECURITIES LITIGATION | ) ) ) | Originating No. 1:21-cv-00751-DAE (W.D. Tex.) |
| | ) | CLASS ACTION |
| This Document Relates To: | ) ) | PLAINTIFFS' MOTION TO COMPEL THE PRODUCTION OF |
| ALL ACTIONS. | ) ) ) | DOCUMENTS FROM NON-PARTY DR. HOAU-YAN WANG |

By this motion, lead plaintiff Mohammad Bozorgi and plaintiffs Ken Calderone and Manohar Rao (collectively, "Plaintiffs") in the underlying litigation pending in the United States District Court for the Western District of Texas respectfully seek an order compelling non-party Dr. Hoau-Yan Wang ("Dr. Wang") to produce: (1) the transcripts of his deposition testimony before the Securities and Exchange Commission ("SEC") and any exhibits thereto; and (2) a May 14, 2020 email to Dr. Wang – both of which Dr. Wang has improperly withheld based on an inapplicable "act of production" privilege.[1]  This motion is brought in the United States District Court for the Eastern District of Michigan (the "Court") because the subpoena served on Dr. Wang set the place for compliance as Bloomfield Hills, Michigan, where Dr. Wang's counsel is located.[2]  Therefore, the Court has jurisdiction to hear this motion.  *See* Fed. R. Civ. P. 45(d)(2)(B)(i) ("the serving party may move the court for the district where compliance is required for an order compelling production or inspection").

---

[1]   Plaintiffs hereby certify pursuant to E.D. Mich. LR 7.1(a)(2)(A) and 37.1 that there was a conference between counsel on September 24, 2024 and October 15, 2024, and that counsel for Plaintiffs explained the nature of the motion and its legal basis to counsel for Dr. Wang, but have been unable to resolve these issues or obtain a concurrence in the relief sought herein.

[2]   Prior to serving the subpoena, Dr. Wang's counsel agreed to accept service on behalf of Dr. Wang.  Dr. Wang did not object to the place for compliance.

- 1 -

DATED:  November 15, 2024

/s/ Sharon S. Almonrode
SHARON S. ALMONRODE (P33938)
**THE MILLER LAW FIRM, P.C.**
950 West University Drive, Suite 300
Rochester, MI  48307
Telephone:  248/963-6452
ssa@millerlawpc.com

Local Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN
  (California Bar No. 200643)
KEVIN A. LAVELLE
  (California Bar No. 292442)
MEGAN A. ROSSI (California Bar No. 318643)
HEATHER GEIGER
  (California Bar No. 322937)
JEREMY W. DANIELS
  (California Bar No. 351347)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dand@rgrdlaw.com
klavelle@rgrdlaw.com
mrossi@rgrdlaw.com
hgeiger@rgrdlaw.com
jdaniels@rgrdlaw.com

Lead Counsel for Lead Plaintiff and Additional
Plaintiff Ken Calderone

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)
3811 Turtle Creek Blvd., Suite 825
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

Local Counsel for Lead Plaintiff and Additional
Plaintiff Ken Calderone

GLANCY PRONGAY & MURRAY LLP
CHARLES H. LINEHAN
  (California Bar No. 307439)
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:  310/201-9150
310/201-9160 (fax)
clinehan@glancylaw.com

Counsel for Additional Plaintiff Manohar K.
Rao

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re CASSAVA SCIENCES, INC. SECURITIES LITIGATION | ) Originating No. 1:21-cv-00751-DAE ) (W.D. Tex.) |
| | ) |
| | ) CLASS ACTION |
| This Document Relates To: | ) |
| | ) MEMORANDUM IN SUPPORT OF |
| ALL ACTIONS. | ) PLAINTIFFS' MOTION TO COMPEL |
| | ) THE PRODUCTION OF |
| | ) DOCUMENTS FROM NON-PARTY |
| | ) DR. HOAU-YAN WANG |

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................................2

II.  BACKGROUND ...............................................................................7

    A.  Overview of the Underlying Action......................................................7

    B.  The Plaintiffs' Document Subpoena to Dr. Wang ...............................8

III.  ARGUMENT....................................................................................11

    A.  The Fifth Amendment Act of Production Privilege Does Not
        Apply .................................................................................................12

    B.  Dr. Wang Waived Any Fifth Amendment Act of Production
        Privilege.............................................................................................15

    C.  Dr. Wang Agreed to the SEC Settlement Order without
        Admitting or Denying the Accuracy of the Factual Allegations ........18

IV.  CONCLUSION..............................................................................18

# TABLE OF AUTHORITIES

**Page**

## CASES

*Bayview Loan Servicing, LLC v. McNaughton*,
   2007 WL 2433996 (W.D. Mich. Aug. 22, 2007) ...................................11, 15, 16

*Butcher v. Bailey*,
   753 F.2d 465 (6th Cir. 1985) .............................................................................11

*Fisher v. U.S.*,
   425 U.S. 391 (1976)...................................................................................*passim*

*In re FirstEnergy Corp. Sec. Litig.*,
   2022 WL 17075838 (S.D. Ohio Nov. 18, 2022),
   *objections overruled*, 2023 WL 142078 (S.D. Ohio Jan. 10, 2023)...................10

*In re Grand Jury Procs. (Doe)*,
   575 F. Supp. 197 (N.D. Ohio 1983),
   *aff'd sub nom. In re Grand Jury Proc., John Doe*
   *(Arnold Weiner, Doe's Att'y)*, 754 F.2d 154 (6th Cir. 1985) .............................12

*In re Grand Jury Subpoena Duces Tecum Dated Oct. 29, 1992*,
   1 F.3d 87 (2d Cir. 1993) ....................................................................................13

*In re Various Grand Jury Subpoenas*,
   924 F. Supp. 2d 549 (S.D.N.Y. 2013),
   *aff'd*, 579 F. App'x 37 (2d Cir. 2014)................................................................11

*Madanes v. Madanes*,
   186 F.R.D. 279 (S.D.N.Y. 1999) .......................................................................12

*Maness v. Meyers*,
   419 U.S. 449 (1975)............................................................................................15

*Rogers v. U.S.*,
   340 U.S. 367 (1951)............................................................................................16

*U.S. v. Koubriti*,
   297 F. Supp. 2d 955 (E.D. Mich. 2004) .................................................11, 13, 14

Page

*U.S. v. Maxwell*,
    545 F. Supp. 3d 72 (S.D.N.Y. 2021) ........................................................5, 12, 13

**STATUTES, RULES AND REGULATIONS**

Eastern District of Michigan Local Rules

    Rule 7.1(a)(2)(A) ...............................................................................................1
    Rule 37.1 ............................................................................................................1

Federal Rules of Civil Procedure

    Rule 26(b)(1)....................................................................................................10
    Rule 45 .............................................................................................................10
    Rule 45(d)(2)(B)(i) ............................................................................................1

## STATEMENT OF ISSUES TO BE DECIDED

1.     Should the United States District Court for the Eastern District of Michigan (the "Court") compel Dr. Hoau-Yan Wang ("Dr. Wang") to produce his deposition transcripts and attached exhibits from his testimony before the U.S. Securities and Exchange Commission ("SEC")?

> Answer: Yes.  The act of production privilege does not apply to Dr. Wang's deposition transcript and attached exhibits.  Even if the act of production privilege applied (it does not), Dr. Wang waived it when his counsel revealed that Dr. Wang had testified before the SEC and agreed to produce his deposition transcripts and exhibits to Plaintiffs.  Only later did Dr. Wang's counsel renege on this agreement and refuse to produce the documents based on a purported "act of production" privilege.

2.     Should the Court compel Dr. Wang to produce an email that he received from defendant Dr. Lindsay Burns ("Burns") on May 14, 2020?

> Answer: Yes.  The act of production privilege does not apply to the May 14, 2020 email as it has been publicly described in detail by both defendant Cassava Sciences, Inc. ("Cassava") and the SEC as an email that "unblinded" Dr. Wang to the Phase 2 clinical trial of

Cassava's drug candidate Simufilam and it can be authenticated by another source, including by Burns.

<u>**CONTROLLING AND MOST APPROPRIATE AUTHORITIES**</u>
<u>**FOR THE RELIEF SOUGHT**</u>

**CASES:**

- *Fisher v. U.S.*, 425 U.S. 391, 410 (1976)

- *Maness v. Meyers*, 419 U.S. 449, 466 (1975)

- *Butcher v. Bailey*, 753 F.2d 465, 470 (6th Cir. 1985)

- *Bayview Loan Servicing, LLC v. McNaughton*, 2007 WL 2433996, at *2 (W.D. Mich. Aug. 22, 2007)

- *U.S. v. Koubriti*, 297 F. Supp. 2d 955, 968 (E.D. Mich. 2004)

**RULES:**

- Federal Rule of Civil Procedure 26

- Federal Rule of Civil Procedure 37

- Federal Rule of Civil Procedure 45

## I.     INTRODUCTION

Pursuant to Federal Rules of Civil Procedure ("Rule(s)") 37 and 45, lead plaintiff Mohammad Bozorgi and plaintiffs Ken Calderone and Manohar Rao (collectively, "Plaintiffs") respectfully request an order compelling compliance with their document subpoena to non-party Dr. Hoau-Yan Wang ("Dr. Wang").[1]  Because the document subpoena set the place for compliance within this District, the Court has jurisdiction to hear this motion.  *See* Fed. R. Civ. P. 45(d)(2)(B)(i) ("the serving party may move the court for the district where compliance is required for an order compelling production or inspection").

This discovery dispute concerns Dr. Wang's reversal on his agreement to produce transcripts and exhibits for his depositions taken by the U.S. Securities and Exchange Commission ("SEC") (the "Deposition Materials"), plus a May 14, 2020 email he received from a defendant in the underlying litigation, Dr. Lindsay Burns ("Dr. Burns") (the "May 14 Email" and, together with the Deposition Materials, the "Withheld Documents").  As a paid scientific collaborator for defendant Cassava Sciences, Inc. ("Cassava"), Dr. Wang is a witness in a securities fraud case against Cassava, Dr.

---

[1]   As noted in Plaintiffs' Motion, Plaintiffs hereby certify pursuant to E.D. Mich. LR 7.1(a)(2)(A) and 37.1 that there was a conference between counsel on September 24, 2024 and October 15, 2024, and that counsel for Plaintiffs explained the nature of the motion and its legal basis to counsel for Dr. Wang, but have been unable to resolve these issues.

Burns, and two other executives (collectively, "Cassava Defendants") pending in the United States District Court for the Western District of Texas.[2]

On behalf of a putative class of Cassava investors, Plaintiffs allege that the Cassava Defendants misled the market about Simufilam, an Alzheimer's drug candidate, by holding it out as a revolutionary treatment while concealing the systematic data manipulation, significant anomalies, and intractable conflicts of interest that tainted its Phase 2 clinical trial results and pre-clinical research. As one of Simufilam's co-developers and Cassava's paid consultant, Dr. Wang played a key role in both the Phase 2 trials and underlying scientific research. Importantly, contrary to the Cassava Defendants' representations that the Phase 2 clinical trial was "blinded" to prevent bias in the results, Dr. Burns' May 14 Email "unblinded" Dr. Wang to a significant portion of the patients in the trial.

Prominent scientists have since exposed the Cassava Defendants' fraud, and scientific journals have retracted the underlying Simufilam research. Multiple government entities launched criminal and civil investigations, including the U.S. Department of Justice ("DOJ") and SEC. And as part of the SEC's investigation, Dr. Wang was deposed twice: in August 2023 and March 2024.

---

[2]  The Cassava Defendants are: (1) Cassava; (2) Cassava's founder and former CEO, Remi Barbier ("Barbier"); (3) former Senior VP of Neuroscience and Barbier's wife, Dr. Lindsay Burns; and (4) CFO, Eric Schoen. Barbier and Burns resigned from Cassava shortly after Dr. Wang was indicted.

In June 2024, the DOJ indicted Dr. Wang for data manipulation related to Cassava's Simufilam research. Ex. 1.[3]  In response, Cassava issued a July 1, 2024 press release, admitting that a May 14 Email partially "unblinded" Dr. Wang to the Phase 2 trial data. Ex. 2 at 4.

On September 26, 2024, the SEC charged Cassava, Barbier, and Burns for misleading investors about the manipulated Phase 2 trial results and undisclosed conflicts of interest. *See* Ex. 3 (the "SEC Complaint").  For his role in the scheme, the SEC issued a Cease-and-Desist Order against Dr. Wang ("SEC Order").  *See* Ex. 4.  Both the SEC Complaint and the SEC Order included additional details about the May 14 Email that "unblinded" Dr. Wang.  *See* Ex. 3 at 9-10; Ex. 4 at 4-5.  To resolve the SEC charges, Cassava, Barbier, Burns, and Dr. Wang paid over $40 million in penalties, and Barbier and Burns are barred from being an officer or director of a public company for several years.  *See* Ex. 5.

Meanwhile, in the underlying litigation, Plaintiffs subpoenaed Dr. Wang for relevant documents.   Plaintiffs' subpoena sought, among other documents, communications with certain individuals at Cassava and documents and communications concerning the government investigations into Cassava's Simufilam Phase 2 trials.

---

[3]   All "Ex." references are to the Declaration of Kevin A. Lavelle in Support of Plaintiffs' Motion to Compel the Production of Documents from Non-Party Dr. Hoau-Yan Wang (Exhibit A hereto, the "Lavelle Decl.").

Pursuant to that subpoena, Plaintiffs asked Dr. Wang to obtain the Deposition Materials from the SEC and provide them to Plaintiffs.

On Tuesday, September 17, 2024, nearly three months *after* the DOJ indictment, Dr. Wang confirmed that he had received the Deposition Materials and promised to produce them that same week.  After the end of the week came and went, Plaintiffs followed up.  Then, on Monday, September 23, 2024, Dr. Wang abruptly changed course and refused to produce the Deposition Materials, asserting, for the first time, the "act of production" privilege.

Similarly, on October 10, 2024, Dr. Wang agreed, through his counsel, that the May 14 Email was responsive to the subpoena, but refused to produce it because it should be in the Cassava Defendants' possession and, therefore Dr. Wang, as a third party, claimed he should not have to produce it.  It was not until after Dr. Wang was informed by Plaintiffs that the Cassava Defendants claim they do not have possession of the May 14 Email that Dr. Wang asserted the "act of production" privilege over the May 14 Email.  Ex. 6 at 1.

Dr. Wang's attempt to shirk his discovery obligations by asserting the "act of production" privilege is unavailing.  He has already admitted that: (1) the SEC deposed him; (2) the Deposition Materials exist; (3) he possesses the Deposition Materials; (4) the May 14 Email exists; (5) he possesses the May 14 Email; (6) the May 14 Email and

Deposition Materials are responsive to Plaintiffs' subpoena; and (7) because Dr. Wang agreed to produce the Deposition Materials, Plaintiffs are entitled to them.

These admissions are important because the Fifth Amendment "act of produc[tion]" privilege comes into play *only* when the fact that the party possesses the documents is incriminating, rather than any inculpatory information contained therein. *U.S. v. Maxwell*, 545 F. Supp. 3d 72, 79 (S.D.N.Y. 2021) (citing *Fisher v. U.S.*, 425 U.S. 391, 410-11 (1976)).   Here, Dr. Wang (and Cassava) have admitted that the Withheld Documents exist and that Dr. Wang possesses them.   Thus, it is only the content of the Withheld Documents that may be inculpatory.   *See Maxwell*, 545 F. Supp. 3d at 79.   As a result, the "act of produc[tion]" privilege is inapplicable and Dr. Wang's argument is "***without merit***."[4]   *Id.* ("The existence of deposition transcripts . . . is not inculpatory.   It is the content of those transcripts that is at issue.").

Dr. Wang's argument that the act of production somehow concedes accuracy is also baseless.   Dr. Wang has not provided any authority to support his position. Further, it contradicts his position in related litigation in which he consented to the SEC Order without admitting or denying the SEC's factual findings.   Dr. Wang has not been able explain why he cannot do the same here and produce the Deposition Materials

---

[4]   Here, and throughout, citations are omitted and emphasis is added unless otherwise noted.

without admitting or denying their accuracy – as parties and nonparties alike do every day in litigation. *Fisher*, 425 U.S. at 409 (finding a subpoena "does not compel oral testimony; nor would it ordinarily compel the [respondent] to restate, repeat, or affirm the truth of the contents of the documents sought").

At bottom, producing the Withheld Documents is not tantamount to compelled testimony. After all, Dr. Wang freely gave his testimony before the SEC. Plaintiffs just want a copy. Further, Cassava has provided a detailed description of the May 14 Email, and Dr. Wang has admitted that he possesses it. Accordingly, this Court should compel Dr. Wang to produce the Withheld Documents.

## II.    BACKGROUND

### A.    Overview of the Underlying Action

The underlying litigation is a putative securities fraud class action pending before Judge David Alan Ezra ("Judge Ezra") in the United States District Court for the Western District of Texas.

Plaintiffs allege that the Cassava Defendants misled the market concerning Cassava's primary drug candidate, Simufilam, by, among other things, concealing that the research justifying Simufilam's commercial development was marred by extensive data manipulation, significant anomalies, and undisclosed conflicts of

interest.  ¶¶1-44.[5]  An August 2021 "Citizen Petition" revealed "grave concerns about the quality and integrity of the laboratory-based studies surrounding" Simufilam, including that Cassava and Dr. Wang manipulated and falsified data in a string of academic journals and presentations which, in many instances, were co-authored by Dr. Wang and Dr. Burns.  ¶¶12-13.

Thereafter, numerous government agencies, including the SEC and DOJ, opened civil and criminal investigations into Cassava.  ¶¶28, 44.  Nevertheless, the Cassava Defendants and Dr. Wang continued to cover up their scheme by falsely presenting manipulated scientific images as "raw" and "original" data to investigating scientific journals to avoid retraction and obtain exculpatory statements from the journals under false pretenses.  *See e.g.*, ¶¶342-348, 350-357.

On May 11, 2023, Judge Ezra upheld these allegations and denied the Cassava Defendants' motion to dismiss Plaintiffs' complaint.  Ex. 7 at 18-19, 21-22. Discovery is ongoing.

### B.    The Plaintiffs' Document Subpoena to Dr. Wang

Plaintiffs served Dr. Wang with a document subpoena on June 13, 2023.  *See* Ex. 8.  The subpoena set the place for compliance as Bloomfield Hills, Michigan, where Dr. Wang's counsel is located.  *See id.*  The subpoena sought documents

---

[5]    All "¶__" and "¶¶__" are to *In re Cassava Scis., Sec. Litig.*, 1:21-cv-00751, ECF 176 (W.D. Tex. June 13, 2024) (operative complaint).

relevant to the underlying action, including communications with the Cassava Defendants, Dr. Wang's involvement with the SEC's investigation of Cassava, and documents related to the results of Cassava's Phase 2 trials for Simufilam. *Id.*, Request Nos. 1-5, 53-54.

On August 11, 2023, Dr. Wang served objections and responses to Plaintiffs' subpoena. Ex. 9. Dr. Wang agreed to re-produce to Plaintiffs the documents he produced to the government, including the DOJ and SEC, as well as communications he received from these government agencies. Ex. 6; Ex. 9. Notably, Dr. Wang did not assert any Fifth Amendment objection to the subpoena. *See generally* Ex. 9.

On November 8, 2023, Lead Counsel for Plaintiffs asked Dr. Wang's counsel if he testified before the SEC. Ex. 6 at 19-20. On November 9, 2023, counsel confirmed that Dr. Wang had in fact testified. *Id.* at 19. On December 4, 2023, Plaintiffs requested that Dr. Wang obtain a copy of his transcript(s) and exhibits from the SEC. *Id.* at 17-18. On January 8, 2024, counsel for Dr. Wang confirmed that she would request a copy of the transcript(s) and exhibits from the SEC. *Id.* at 14. On July 3, 2024, counsel for Dr. Wang confirmed that she had requested the deposition transcript(s) and exhibits, and the SEC agreed to provide them. *Id.* at 13. After a number of additional follow up emails, on September 17, 2024, counsel for Dr. Wang confirmed that she would produce the Deposition Materials to Plaintiffs "this week," despite Dr. Wang already having been indicted in June 2024. *Id.* at 11.

The following week, on Monday, September 23, 2024, counsel for Dr. Wang suddenly changed course and asserted for the first time that she would not produce the Deposition Materials and that they were protected "pursuant to the Act of Production privilege." *Id.* at 10. After Plaintiffs requested the basis for the application of that privilege, Dr. Wang's counsel asserted only that the production of the Deposition Materials "could be construed as Dr. Wang's consent to the accuracy of the contents, when, in fact, he did not review the transcript for accuracy." *Id.* at 8. Later, on October 15, 2024, counsel for Dr. Wang claimed the SEC deposition exhibits were also protected by the "act of production" privilege because producing them "would implicitly communicate facts and the existence, location, and authenticity of documents (deposition exhibits)" not already known to Plaintiffs. *Id.* at 1.

On October 10, 2024, Dr. Wang agreed, through his counsel, that the May 14 Email was responsive to Plaintiffs' subpoena, but refused to produce it because it was in "Cassava's possession, custody, or control" and therefore Plaintiffs "should get [it] from [Cassava] and not from [Dr. Wang] as a third-party." *Id.* at 3. At that time, Dr. Wang's counsel made no mention of the "act of production" privilege with regard to the May 14 Email. Plaintiffs promptly informed Dr. Wang's counsel that the Cassava Defendants

- 10 -

denied the May 14 Email was in their possession.[6] *Id.* It was not until October 15, 2024 that Dr. Wang belatedly asserted an "act of production" privilege over the May 14 Email. *Id.* at 1.

## III. ARGUMENT

The Federal Rules of Civil Procedure are broad and permit discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "[N]on-parties are not alleviated from participating in discovery. Indeed, the function of Rule 45 is to require the compliance of non-parties in discovery, including the right to command a non-party to produce documents." *In re FirstEnergy Corp. Sec. Litig.*, 2022 WL 17075838, at *3 (S.D. Ohio Nov. 18, 2022), *objections overruled*, 2023 WL 142078 (S.D. Ohio Jan. 10, 2023). It is undisputed that the Withheld Documents are relevant to the underlying litigation and pose little to no burden for Dr. Wang to produce to Plaintiffs. The only dispute is whether Dr. Wang's belated assertion of the Fifth Amendment act of production privilege over the Withheld Documents is proper. It is not.

---

[6] The Cassava Defendants have not explained why the May 14 Email, which Dr. Burns (a then employee of Cassava) sent to Dr. Wang, is not in Cassava's possession, custody, or control.

A.     **The Fifth Amendment Act of Production Privilege Does Not Apply**

The Fifth Amendment provides in pertinent part: "No person . . . shall be compelled in any criminal case to be a witness against himself . . . ."  U.S. Const. Amend. V.  The burden of establishing a valid Fifth Amendment privilege falls to the party asserting the privilege.  *Bayview Loan Servicing, LLC v. McNaughton*, 2007 WL 2433996, at *3 (W.D. Mich. Aug. 22, 2007); *see also Butcher v. Bailey*, 753 F.2d 465, 470 (6th Cir. 1985) (placing burden of demonstrating the act of production privilege on party asserting the privilege).

Courts have recognized a narrow "act of production" privilege, which is applicable only where:  (1) the production of the documents is testimonial, ***and*** (2) the party asserting the privilege shows it is incriminating, *i.e.*, that it provides "'a link in the chain of incrimination.'"  *Bayview*, 2007 WL 2433996, at *2; *U.S. v. Koubriti*, 297 F. Supp. 2d 955, 968 (E.D. Mich. 2004) (same).

Consistent with the above requirements, this narrow privilege only "prohibits the compelled disclosure of documents when the act of production has independent communicative aspects – such as an admission that the documents exist, that the subject possesses or controls the documents, that the documents are authentic, or that the subject believes the documents are responsive to the subpoena."  *In re Various Grand Jury Subpoenas*, 924 F. Supp. 2d 549, 552 (S.D.N.Y. 2013), *aff'd*, 579 F. App'x 37 (2d Cir. 2014) (citing *Fisher*, 425 U.S. 391 at 410).  The fact that

- 12 -

the "documents contain incriminating information . . . does **not** implicate the Fifth Amendment" unless, as noted above "the act of production is itself testimonial in nature and incriminating to the person making the disclosure." *Madanes v. Madanes*, 186 F.R.D. 279, 284 (S.D.N.Y. 1999) (citing *Fisher*, 425 U.S. at 410). *See In re Grand Jury Procs. (Doe)*, 575 F. Supp. 197, 202 (N.D. Ohio 1983) (finding "that the mere fact that the subpoenaed documents may contain incriminating information is not sufficient to prevent their production" under the Fifth Amendment), *aff'd sub nom. In re Grand Jury Proc., John Doe (Arnold Weiner, Doe's Att'y)*, 754 F.2d 154 (6th Cir. 1985). Here, the act of producing the Withheld Documents is neither testimonial in nature nor incriminating.

*The Deposition Materials*. First, no testimony is being compelled. Dr. Wang already testified voluntarily before the SEC – twice. Moreover, Dr. Wang was represented by able counsel during his SEC depositions and was "free to assert h[is] Fifth Amendment rights in [the SEC action] and refuse to offer incriminating testimony." *Maxwell*, 545 F. Supp. 3d at 79. Plaintiffs are not seeking Dr. Wang's testimony here; they merely seek a copy of the testimony he already freely gave.

Nor could the act of production be testimonial. Dr. Wang has already (1) admitted the existence of the Deposition Materials, (2) confirmed he has them, and (3) agreed to produce them. Ex. 6. "[H]aving been informed by [Dr. Wang] of the existence of the [Deposition Materials] and his possession of them, [Plaintiffs]

- 13 -

clearly can demonstrate with reasonable particularity that [they] know[] of the existence and location of these documents." *Koubriti*, 297 F. Supp. 2d at 969 (citing *In re Grand Jury Subpoena Duces Tecum Dated Oct. 29, 1992*, 1 F.3d 87, 93 (2d Cir. 1993)).   Thus, the existence and location of the Withheld Documents is a "foregone conclusion," and there is no valid testimonial objection here. *See Fisher*, 425 U.S. at 411 ("The existence and location of the [sought] papers are a foregone conclusion and the [compelled individual] adds little or nothing to the sum total of the Government's information by conceding that he in fact has the papers.").

Second, the production (as opposed to the contents) of the Deposition Materials is not incriminating, as "[t]he existence of deposition transcripts" from a civil case "is ***not*** inculpatory." *Maxwell*, 545 F. Supp. 3d at 79.  Even if Dr. Wang had not already admitted he received these documents from the SEC's court reporter, "simple compliance with a court order ordering production of the [Deposition Materials] would ***not*** implicitly authenticate them," eliminating any concern that the production of the Deposition Materials would be testimonial. *Koubriti*, 297 F. Supp. 2d at 969-70.

***The May 14 Email***.  The same is true for the May 14 Email.  The details of the May 14 Email have already been publicly revealed by Cassava (publicly in an SEC filing) and the SEC as an email Dr. Wang received from defendant Burns that "unblinded" Dr. Wang to patients enrolled in Cassava's Phase 2 trials.  Like the

- 14 -

Deposition Materials, Dr. Wang's counsel confirmed that the May 14 Email is responsive to the subpoena. And, again, because "[t]he existence and location of the [May 14 Email] [is] a foregone conclusion," Dr. Wang's production of it "adds little or nothing to the sum total of [Plaintiffs'] information by conceding that he in fact has the [May 14 Email]." *Fisher*, 425 U.S. at 411; *Koubriti*, 297 F. Supp. 2d at 969.

Dr. Wang's position as to the Withheld Documents is further undermined by the fact that Plaintiffs have the "ability to authenticate the documents by other means [thus] negat[ing] the claim of privilege." *Koubriti*, 297 F. Supp. 2d at 970-71. Here, the Deposition Materials can be authenticated by the SEC, the court reporter, or through other witnesses.[7] The May 14 Email, likewise, may be authenticated by defendant Burns or through other witnesses. Therefore, Dr. Wang's assertion of the act of production privilege is simply improper; the privilege does not apply.

## B. Dr. Wang Waived Any Fifth Amendment Act of Production Privilege

Even if the Fifth Amendment act of production privilege somehow applied (it does not), Dr. Wang waived any such privilege by: (1) disclosing the information; and (2) failing to timely assert the privilege. It is well established that a party can, either intentionally or inadvertently, waive his Fifth Amendment right by disclosing

---

[7]    Moreover, because the deposition exhibits were provided during the depositions by the SEC, the exhibits may be authenticated within the transcript itself or by other witnesses.

- 15 -

the information earlier in the litigation or failing to assert the privilege in a timely manner.  *See Bayview*, 2007 WL 2433996, at *5; *Maness v. Meyers*, 419 U.S. 449, 466 (1975) (the Fifth Amendment "is not a self-executing mechanism; it can be affirmatively waived, or lost by not asserting it in a timely fashion").

*Bayview* is instructive.  Like Dr. Wang, the defendants in *Bayview* agreed to produce the requested documents pursuant to a subpoena and "[a]t no time did defendants' counsel indicate that the records would not be produced . . . based on a Fifth Amendment claim" until a last minute change of heart.  *Bayview*, 2007 WL 2433996, at *1.  The *Bayview* court found that the materials were not protected by the act of production privilege and that, in any event, the litigant waived his Fifth Amendment rights.  *Id.* at *1, *5.

The same result is warranted here.  As explained above, Dr. Wang's counsel disclosed to Plaintiffs that Dr. Wang was deposed by the SEC and agreed to both request and produce the Deposition Materials to Plaintiffs *without* mention of any Fifth Amendment act of production privilege – despite the fact that Dr. Wang had *already been indicted*.[8]  *See* Ex. 6.  It was not until *after* Dr. Wang agreed to produce the Deposition Materials and *after* the date certain provided for the production had

---

[8]   Indeed, Dr. Wang did not assert the Fifth Amendment in his objections and responses to Plaintiffs' August 11, 2023 document subpoena, despite already having received a grand jury subpoena for documents two years before, in August 2021. Ex. 7; Ex. 10.

come and gone that Dr. Wang's counsel first mentioned the Fifth Amendment act of production privilege.  *Id.*  Accordingly, Dr. Wang waived any Fifth Amendment privilege that might have once applied.

Similarly, in October 2024, when Plaintiffs asked Dr. Wang for the May 14 Email, Dr. Wang did not assert an act of production privilege.  Indeed, Dr. Wang objected only that the May 14 Email should be produced by the Cassava Defendants rather than by Dr. Wang given that he was a third party.  *Id.*  It was not until after Plaintiffs advised Dr. Wang that the Cassava Defendants claimed they did not possess the May 14 Email that he first asserted the act of production privilege as to that document.

Finally, even setting aside the untimeliness of Dr. Wang's Fifth Amendment assertion, he cannot "seek to assert a Fifth Amendment privilege to information [he] h[as] already disclosed during the course of this litigation."  *Bayview*, 2007 WL 2433996, at *5; *see also Rogers v. U.S.*, 340 U.S. 367, 373 (1951) ("[W]here criminating facts have been voluntarily revealed, the privilege cannot be invoked to avoid disclosure of the details.").  Here, Dr. Wang has already disclosed information to the SEC in deposition, and he has since disclosed that he has the Deposition Materials and the May 14 Email.  Thus, the "act of production" doctrine does not apply or has been waived.  *See Bayview*, 2007 WL 2433996, at *1, *5.

**C.     Dr. Wang Agreed to the SEC Settlement Order without Admitting or Denying the Accuracy of the Factual Allegations**

Finally, Dr. Wang's rationale that production of the Withheld Documents is tantamount to conceding their accuracy is incorrect.  Ex. 6.  As stated above, Plaintiffs' subpoena "does not compel oral testimony; nor would it ordinarily compel the [respondent] to restate, repeat, or affirm the truth of the contents of the documents sought." *Fisher*, 425 U.S. at 409.  Additionally, Dr. Wang's position is undermined by his own actions in settling with the SEC without admitting or denying the accuracy of the allegations against him, including the extensive factual background in the SEC Settlement Order. *See* Ex. 4 at 1, 3-10.  Here, too, Dr. Wang can produce the Withheld Documents without admitting or denying their accuracy. *Fisher*, 425 U.S. at 409.  Accordingly, Dr. Wang's rationale for invoking the act of production privilege is unsupported, inconsistent, and – based on the eleventh hour invocation of the Fifth Amendment – pure gamesmanship.  This Court should reject the privilege and compel production of the Withheld Documents.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion and compel production of the Withheld Documents within seven (7) days of any order.[9]

---

[9]    A proposed order is attached hereto as Exhibit B.

DATED:  November 15, 2024

                    */s/ Sharon S. Almonrode*
_____
SHARON S. ALMONRODE (P33938)
**THE MILLER LAW FIRM, P.C.**
950 West University Drive, Suite 300
Rochester, MI  48307
Telephone:  248/841-2200
ssa@millerlawpc.com

Local Counsel
ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN
  (California Bar No. 200643)
KEVIN A. LAVELLE
  (California Bar No. 292442)
MEGAN A. ROSSI
  (California Bar No. 318643)
HEATHER GEIGER
  (California Bar No. 322937)
JEREMY W. DANIELS
  (California Bar No. 351347)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dand@rgrdlaw.com
klavelle@rgrdlaw.com
mrossi@rgrdlaw.com
hgeiger@rgrdlaw.com
jdaniels@rgrdlaw.com

Lead Counsel for Lead Plaintiff and Additional
Plaintiff Ken Calderone

- 20 -

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)
3811 Turtle Creek Blvd., Suite 825
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

Local Counsel for Lead Plaintiff and Additional
Plaintiff Ken Calderone

GLANCY PRONGAY & MURRAY LLP
CHARLES H. LINEHAN
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:  310/201-9150
310/201-9160 (fax)
clinehan@glancylaw.com

Counsel for Additional Plaintiff Manohar K.
Rao

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify under penalty of perjury that on November 18, 2024, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

Dated: November 18, 2024          */s/ Sharon S. Almonrode*
SHARON S. ALMONRODE
**THE MILLER LAW FIRM, P.C.**
950 West University Drive, Suite 300
Rochester, MI  48307
Telephone:  248/841-2200
Email:  ssa@millerlawpc.com