**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| In re CASSAVA SCIENCES, INC. | ) | No. 2:24-mc-51329-MAG-DRG |
| SECURITIES LITIGATION | ) | Originating No. 1:21-cv-00751-DAE |
| | ) | (W.D. Tex.) |
| _____ | ) | |
| | ) | District Judge Mark A. Goldsmith |
| | ) | Magistrate Judge David R. Grand |
| | ) | |
| | ) | CLASS ACTION |
| This Document Relates To: | ) | |
| | ) | NON-PARTY HOAU-YAN |
| ALL ACTIONS | ) | WANG'S RESPONSE IN |
| | ) | OPPOSITION TO PLAINTIFFS' |
| | ) | MOTION TO COMPEL THE |
| | ) | PRODUCTION OF DOCUMENTS |

_____

**NON-PARTY DR. HOAU-YAN WANG'S RESPONSE**
**IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**
**THE PRODUCTION OF DOCUMENTS**

Dr. Hoau-Yan Wang, a non-party to the underlying litigation ("Dr. Wang"),

respectfully submits this response in opposition to the Motion to Compel filed by

Plaintiffs Mohammad Bozorgi, Ken Calderone, and Manohar Rao ("Plaintiffs"). Dr.

Wang seeks to prevent the compelled production of the requested materials on the

basis that the documents are protected by the "act of production" privilege under the

Fifth Amendment. Furthermore, Dr. Wang contends that the documents are not

subject to disclosure due to violations of the Federal Rules of Civil Procedure,

specifically those concerning the location requirements for subpoenaed document

production. As a result, and for reasons more fully set forth in the accompanying brief, Plaintiffs' Motion to Compel should be denied.

Dated: December 2, 2024                Respectfully submitted,

                                     */s/ Jennifer L. Beidel*

Jennifer L. Beidel
DYKEMA GOSSETT PLLC
39577 Woodward Avenue
Suite 300
Bloomfield Hills, MI 48304
Telephone: (248) 203-0700
Email: jbeidel@dykema.com

*Counsel for Dr. Hoau-Yan Wang*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| In re CASSAVA SCIENCES, INC. SECURITIES LITIGATION | ) ) ) ) | No. 2:24-mc-51329-MAG-DRG Originating No. 1:21-cv-00751-DAE (W.D. Tex.) |
| _____ | ) ) ) | District Judge Mark A. Goldsmith Magistrate Judge David R. Grand |
| | ) ) | CLASS ACTION |
| This Document Relates To: | ) ) | NON-PARTY HOAU-YAN |
| ALL ACTIONS | ) ) ) ) ) | WANG'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS |

---

## MEMORANDUM IN SUPPORT OF NON-PARTY HOAU-YAN WANG'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

i

## STATEMENT OF ISSUES TO BE DECIDED

1.      Should this United States District Court for the Eastern District of Michigan (the "Court") compel non-party Dr. Hoau-Yan Wang ("Dr. Wang") to produce what Plaintiffs' counsel describes as deposition transcripts and attached exhibits from his testimony before the United States Securities and Exchange Commission ("SEC") and/or a May 14, 2020 email allegedly received from Dr. Lindsay Burns ("Dr. Burns")?

> Answer: No. Compelling Dr. Wang to produce the documents as requested in Plaintiffs' motion would directly infringe Dr. Wang's Fifth Amendment right against self-incrimination, as the act of producing the requested materials would be testimonial in nature and could be used to implicate Dr. Wang in an ongoing criminal matter, and neither Dr. Wang nor his counsel waived his "act of production" constitutional privileges in that regard through prior good-faith efforts to respond to the underlying subpoena where it did not implicate Dr. Wang's rights in a similar manner. As a result, the Motion to Compel should be denied.

2.      Does the subpoena at issue in Plaintiffs' Motion to Compel comply with the limits of Federal Rule of Civil Procedure 45(c)(2)(A) that require the subpoena to command the production of the requested documents from Dr. Wang only at a

location within 100 miles of where he resides, is employed, or regularly transacts business in person?

> Answer: No. Plaintiffs' subpoena fails to comply with the 100-mile limit of Federal Rule of Civil Procedure 45(c)(2)(A), as all locations of Dr. Wang's residence, employment and regular business transactions, as applicable, are 600+ miles away from the location of production identified in the subpoena; neither Dr. Wang nor his counsel waived through prior good-faith efforts to respond to the underlying subpoena with stated objections, and Dr. Wang now appropriately seeks to raise this objection in light of the unusual circumstances in which he has been placed by confluence of his federal criminal indictment and the specific documents at issue in the Motion to Compel. As a result, the requested documents are not subject to disclosure, and Motion to Compel should be denied.

## **CONTROLLING AND MOST APPROPRIATE AUTHORITIES FOR THE RELIEF SOUGHT**

**Cases:**

- *Bäumer v. Schmidt*, 423 F. Supp. 3d 393 (E.D. Mich. 2019)

- *Butcher v. Bailey*, 753 F.2d 465 (6th Cir. 1985)

- *Chao v. Fleming*, 498 F. Supp. 2d 1034 (W.D. Mich. 2007)

- *Emspak v. United States*, 349 U.S. 190 (1955)

- *Halawani v. Wolfenbarger*, No. 07-15483, 2008 U.S. Dist. LEXIS 100482 (E.D. Mich. Dec. 10, 2008)

- *Hoffman v. United States*, 341 U.S. 479 (1951)

- *Maness v. Meyers*, 419 U.S. 449 (1975)

- *Marchetti v. United States*, 390 U.S. 39 (1968)

- *United States v. Doe*, 465 U.S. 605 (1984)

- *United States v. Grable*, 98 F.3d 251 (6th Cir. 1996)

- *United States ex rel. Pogue v. Diabetes Treatment Ctrs. Of Am., Inc*., 444 F.3d 462 (6th Cir. 2006)

- *Walters v. Dale* (*In re Flint Water Cases*), 53 F.4th 176 (6th Cir. 2022)

- *Zamorano v. Wayne State Univ*., No. 07-12943, 2008 U.S. Dist. LEXIS 15875 (E.D. Mich. Mar. 3, 2008)

**Rules:**

- Fed. R. Civ. P. 45

## **INTRODUCTION**

Non-party Dr. Hoau-Yan Wang ("Dr. Wang") respectfully submits this memorandum in support of his response in opposition to Plaintiffs' Motion to Compel the Production of Documents. Plaintiffs' Motion to Compel should be denied on two grounds. First, compelling Dr. Wang to produce the documents as requested in Plaintiffs' Motion would directly infringe Dr. Wang's Fifth Amendment right against self-incrimination, as the act of producing the requested materials would be testimonial in nature and could be used to implicate Dr. Wang in an ongoing criminal matter. Second, the underlying subpoena violates Federal Rule of Civil Procedure 45 by demanding that Dr. Wang produce documents at a location over 600 miles from his residence or place of employment, which plainly exceeds the 100-mile limit imposed by the Rule.

## I.   *COMPELLING PRODUCTION OF THE REQUESTED DOCUMENTS VIOLATES DR. WANG'S FIFTH AMENDMENT RIGHT AGAINST SELF INCRIMINATION.*

Compelling Dr. Wang, a nonparty to the underlying civil case and a defendant in an active criminal case, to produce the requested documents violates his Fifth Amendment privilege against self-incrimination. The Fifth Amendment to the United States Constitution provides, in relevant part, that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. CONST. AMEND. V. The Fifth Amendment privilege against self-incrimination may be invoked in the

1

course of any proceeding, criminal or civil, *Kastigar v. United States*, 406 U.S. 441, 444 (1972), and is broadly construed "to assure that an individual is not compelled to produce evidence which later may be used against him as an accused in a criminal action," *Maness v. Meyers*, 419 U.S. 449, 461 (1975). The Sixth Circuit recently summarized the standard for determining the validity of an invocation of the privilege: A witness may invoke the Fifth Amendment if there is reasonable cause to fear that answering could provide evidence leading to conviction. *Bäumer v. Schmidt*, 423 F. Supp. 3d 393, 399 (E.D. Mich. 2019) (citing *Hoffman v. United States*, 341 U.S. 479, 486 (1951))); *see also Maness v. Meyers*, 419 U.S. 449, 461 (1975) ("The protection does not merely encompass evidence which may lead to criminal conviction, but includes . . . evidence which an individual reasonably believes could be used against him in a criminal prosecution." (citing *Hoffman v. United States*, 341 U.S. 479, 486 (1951))). The Fifth Amendment privilege protects against disclosures that could form even a "link in the chain" of incriminating evidence and does not require the witness to prove the hazard explicitly. *Id.* Courts should uphold the privilege unless it is "perfectly clear" that the response could not lead to self-incrimination, emphasizing deference to the witness's reasonable apprehension. *Hoffman*, 341 U.S. at 488.

Production of documents can be considered testimonial under the Fifth Amendment when the act of producing them implicitly communicates facts. *Butcher*

*v. Bailey*, 753 F.2d 465, 469 (6th Cir. 1985). This can occur in three ways: (1) by acknowledging that the documents exist, (2) by admitting control or possession of the documents, and (3) by implicitly authenticating the documents as responsive to the request, which could be used to satisfy requirements under Federal Rule of Evidence 901. *Id.* In *Doe v. United States*, the Court recognized that the act of producing documents could be testimonial because it would implicitly authenticate them, effectively relieving the government of the need to prove their authenticity in future criminal proceedings. *United States v. Doe*, 465 U.S. 605, 614 & n.13 (1984).

In Dr. Wang's case, similarly, producing the requested documents could serve to authenticate them and, for the requested emails, to acknowledge their existence, improperly relieving the government of the need to prove their authenticity in the parallel criminal proceeding and otherwise potentially implicating Dr. Wang. If, for example, the Plaintiffs were to obtain the SEC transcripts from another source, such as the SEC itself or from a defendant in the underlying civil litigation, the government would still need to authenticate the documents before using them at trial. Fed. R. Evid. 901; *see, e.g., Doe*, 104 S. Ct. at 1243 & n.13 (demonstrating a situation where concerns regarding the potential testimonial nature of document production were deemed sufficient to establish a valid claim of Fifth Amendment privilege against self-incrimination, as the act of producing the documents would implicitly authenticate them, relieving the government of its burden to prove their authenticity

3

in future criminal proceedings). By producing the requested documents, Dr. Wang would effectively relieve the government of the need for authentication, which implicates his Fifth Amendment rights.

The parallel nature of the civil and criminal proceedings here heightens the risk of self-incrimination. Courts have consistently recognized that when civil discovery overlaps with ongoing criminal matters, the danger of self-incrimination becomes particularly acute. *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007) ("[S]imultaneous criminal and civil cases involving the same or closely related facts may give rise to Fifth Amendment concerns."); *Ex parte Rawls*, 953 So. 2d 374, 385 (Ala. 2006) (explaining that the overlap between the criminal and civil issues is a factor identified in federal cases as an important consideration in protecting the Fifth Amendment right against self-incrimination). The risk of self-incrimination is not considered "trifling or imaginary," but instead "substantial and real" when the act of production compels the individual to acknowledge the existence, control, and authenticity of documents that could be used against them in a criminal prosecution. *Marchetti v. United States*, 390 U.S. 39, 53 (1968) (stating that a party who wishes to claim the Fifth Amendment privilege must be "confronted by substantial and real,'' and not merely trifling or imaginary, hazards of incrimination); *United States v. Grable*, 98 F.3d 251, 255 (6th Cir. 1996) ("The

existence of 'substantial and real hazards of self-incrimination' is a prerequisite to the proper assertion of the 'act of production' privilege.").

In *United States v. Grable*, while the government argued that the defendant, under investigation for civil tax violations, had not demonstrated a substantial risk of criminal prosecution, the court highlighted that the civil investigation was intertwined with potential criminal charges under 26 U.S.C. § 7203, making the threat of criminal prosecution "real and substantial." *United States v. Grable*, 98 F.3d 251, 255 (6th Cir. 1996). In Dr. Wang's case, there is not merely the potential for criminal prosecution, but an active, ongoing parallel criminal case against him, concerning some of the same issues raised in the underlying civil litigation.[1] This ongoing criminal prosecution amplifies the risk of self-incrimination through the act of production. As in *Grable*, where civil and criminal investigations were closely intertwined, Dr. Wang faces exposure to criminal liability for alleged actions that are related to claims asserted by Plaintiffs in this civil litigation, underscoring the heightened importance of Fifth Amendment protections and further supporting the denial of Plaintiffs' motion.

Finally, any suggestion that Dr. Wang waived his Fifth Amendment privilege is unfounded. A waiver of the Fifth Amendment privilege "is not lightly to be

---

[1] *United States v. Hoau-Yan Wang*, Case No.: 8:24-CR-211-TDC (D. Md. filed June 27, 2024).

5

inferred," and "courts must indulge every reasonable presumption against waiver of fundamental constitutional rights." *Emspak v. United States*, 349 U.S. 190, 196, 198 (1955). "A witness' testimonial waiver of the privilege is <u>only</u> effective, however, if it occurs in the *same proceeding in which a party desires to compel the witness to testify*." *United States v. Rivas-Macias*, 537 F.3d 1271, 1280 (10th Cir. 2008) (emphasis added); *see, e.g., In the Matter of Julieann Palmer Martin*, Admin. Proc. Rulings Release No. 1537, File No. 3-15613, 2014 SEC LEXIS 2163, at *3 (June 18, 2014) (explaining that while the investigation is related to the current proceeding, it is not the same proceeding for the purposes of any waiver of privilege to be effective, and thus, contrary to the Division's argument, defendant did not waive the privilege in this proceeding by testifying in the investigation); *Walters v. Dale* (*In re Flint Water Cases*), 53 F.4th 176, 194 (6th Cir. 2022) ("Th[e] waiver is "proceeding" specific, meaning that a waiver applies throughout the proceeding in which the witness testifies." (quoting *Mitchell v. United States*, 526 U.S. 314, 321 (1999)). Here, Dr. Wang has provided no previous testimony in the civil proceeding in which the subpoena was issued. The SEC and criminal cases are separate from that proceeding, and Dr. Wang's action in the SEC case and the criminal case cannot be deemed a waiver in this case.

In sum, requiring Dr. Wang to produce the requested documents would constitute testimonial acts that would potentially incriminate Dr. Wang in an ongoing criminal case. The motion to compel should be denied.

## II. THE MOTION SHOULD BE DENIED BECAUSE PLAINTIFFS' SUBPOENA VIOLATES THE 100-MILE RULE OF FED. R. CIV. P. 45.

Federal Rule of Civil Procedure 45(c)(2)(A) permits a subpoena to command the production of documents, electronically stored information (ESI), or tangible items only at a *location within 100 miles of where the person resides, is employed, or regularly transacts business in person*. *See* Fed. R. Civ. P. 45(c)(2)(A); *Dyno Nobel, Inc. v. Johnson*, 586 F. Supp. 3d 657, 661 (E.D. Ky. 2022) ("[C]ompliance to produce documents must occur 'at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person.'" (quoting Fed.. R. Civ. P. 45(c)(2)(A))). Nonparties outside these geographic boundaries are expressly protected under Rule 45(d)(3)(A)(ii), which mandates that courts should not enforce subpoenas that violate these limitations. *Dyno Nobel, Inc.*, 586 F. Supp. 3d at 662 (stating that the district court where compliance is required "must quash or modify a subpoena that requires a person to comply beyond the geographical limits specified in Rule 45(c)"); *see*, e.g., *Kirkland v. United States Bankr. Court for the Cent. Dist. Of Cal*. (*In re Kirkland*), 75 F.4th 1030, 2023 U.S. App. LEXIS 19266 (9th Cir. 2023) (holding that subpoenas exceeding the 100-mile limitation should not be enforced).

Here, Dr. Wang resides in Philadelphia and worked in person in New York, both of which are more than 600 miles from the Eastern District of Michigan. While Dr. Wang conducts business in Austin, Texas, over 1,000 miles from Michigan, such business is not conducted in person and therefore is irrelevant to the geographical analysis. *See Regents of the Univ. of Cal. V. Kohne*, 166 F.R.D. 463, 1996 U.S. Dist. LEXIS 6155 (S.D. Cal. 1996) (clarifying that the phrase "regularly transacts business in person" must be interpreted as it is written, excluding remote or virtual business from consideration). As a result, a court within 100 miles of Philadelphia or New York is the appropriate return location for this subpoena.

Plaintiffs will likely argue that the course of dealing in this matter to date should change that result. It should not. On June 13, 2023, Plaintiffs served a subpoena on non-party Dr. Wang, issued by the United States District Court for the Western District of Texas (Civil Action No. 1:21-cv-00751-DAE). At that time, Dr. Wang was not facing criminal charges. The subpoena contemplated the production of documents that are exclusively electronically stored information, so the parties proceeded to produce such documents electronically, rather than in or to any particular physical location. Nearly 18 months after the subpoena was issued, and only after Dr. Wang was criminally indicted in the District of Maryland, Plaintiffs now seek to compel production of additional electronically stored information in Franklin, Michigan, the home of their local counsel who has played no apparent role

in the third-party discovery undertaken in this matter to date. This demand violates the 100-mile geographical limitation of Rule 45(c)(2)(A), as Dr. Wang resides in Philadelphia, Pennsylvania—approximately 600 miles from Franklin, Michigan—and is employed in New York City, New York, approximately 630 miles away. Therefore, the Court should deny the motion to compel.

Furthermore, disputes over the issuance or enforcement of third-party subpoenas are most properly governed by the issuing court, which here is in the Western District of Texas. *See* Fed. R. Civ. P. 45(c)(2)(B) ("If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena *was issued*.") (emphasis added); *United States ex rel. Pogue v. Diabetes Treatment Ctrs. Of Am., Inc*., 444 F.3d 462, 468 (6th Cir. 2006) ("The power to quash or modify the subpoena likewise resides with the *issuing court*") (emphasis added). Therefore, in the alternative, this Court could refer this matter to the District Court for the Western District of Texas, the court where the subpoena was issued. *See id.*

Should Plaintiffs' counsel argue that Dr. Wang has waived objection to their violations of the geographical limitations of Rule 45, Rule 45 sets forth no specific timing requirement for such objections other than that they must be made "timely." Courts have repeatedly and consistently held that they may even excuse what could otherwise be considered as untimely objections to subpoenas. *See Halawani v.*

9

*Wolfenbarger*, No. 07-15483, 2008 U.S. Dist. LEXIS 100482, at *11 (E.D. Mich. Dec. 10, 2008) ("[I]n unusual circumstances and for good cause shown, failure to make timely objection to a subpoena duces tecum will not bar consideration of objection."); *Zamorano v. Wayne State Univ.*, No. 07-12943, 2008 U.S. Dist. LEXIS 15875, at *4-5 (E.D. Mich. Mar. 3, 2008) ("[T]he Court can consider untimely objections in unusual circumstances and when good cause exists."); *Am. Elec. Power Co. v. United States*, 191 F.R.D. 132, 136-37 (S.D. Ohio 1999) (citing *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996); *Alexander v. FBI*, 186 F.R.D. 21, 34-36 (D.D.C. 1998) (no waiver where witness was non-party and subpoena was not limited to relevant materials). Here, Dr. Wang responded to the underlying subpoena promptly and continually since its issuance, providing both general and specific objections, including to its overbreadth and implication of his privileges.   Prior to his indictment, Dr. Wang also made multiple document productions in good faith. Dr. Wang's indictment since his last production and Plaintiffs' counsel's related requests and motion now put Dr. Wang's Fifth Amendment privileges squarely at risk and present the type of "unusual circumstances" meriting the Court's consideration of his objections here.

## CONCLUSION

For the reasons outlined above, Dr. Wang respectfully requests that the Court deny Plaintiffs' motion to compel production of the withheld documents or, in the

alternative, refer the matter to the issuing court in the Western District of Texas for decision.

Dated: December 2, 2024                   Respectfully submitted,

                                          */s/ Jennifer L. Beidel*
                                          Jennifer L. Beidel
                                          DYKEMA GOSSETT PLLC
                                          39577 Woodward Avenue
                                          Suite 300
                                          Bloomfield Hills, MI 48304
                                          Telephone: (248) 203-0700
                                          Email: jbeidel@dykema.com

                                          *Counsel for Dr. Hoau-Yan Wang*

11

## **CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on December 2, 2024, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses of counsel of record.

Dated: December 2, 2024                    Respectfully submitted,

                                         */s/ Jennifer L. Beidel*
                                        Jennifer L. Beidel
                                        DYKEMA GOSSETT PLLC
                                        39577 Woodward Avenue
                                        Suite 300
                                        Bloomfield Hills, MI 48304
                                        Telephone: (248) 203-0700
                                        Email: jbeidel@dykema.com