# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re CASSAVA SCIENCES, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Misc. Case No. 2:24-mc-51329-MAG-DRG<br><br>Honorable Mark A. Goldsmith<br><br>Originating No. 1:21-cv-00751-DAE (W.D. Tex.)<br><br>CLASS ACTION<br><br>PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS FROM NON-PARTY DR. HOAU-YAN WANG |

4916-2532-7877.v1

Plaintiffs in the underlying litigation pending in the United States District Court for the Western District of Texas submit the following reply in support of their motion to compel non-party Dr. Hoau-Yan Wang to produce documents (ECF 1) ("Motion").[1]

## I. THE ACT OF PRODUCTION PRIVILEGE DOES NOT APPLY

Dr. Wang failed to satisfy his burden of establishing the Fifth Amendment act of production privilege applies. As *Butcher v. Bailey*, 753 F.2d 465 (6th Cir. 1985), makes clear, "[p]roduction of documents is not considered testimonial" if the existence of the documents, the control of the documents by the person subpoenaed, and the authenticity of the documents "is a 'foregone conclusion.'" *Id.* at 469 (quoting *Fisher v. United States*, 425 U.S. 391, 411 (1976)). Expounding on the Supreme Court's decision in *Fisher*, the Sixth Circuit wrote:

> In *Fisher*, for example, a taxpayer was requested to turn over his accountant's workpapers. The Court determined that such production was not testimonial because the existence and location of the documents were already known, and the taxpayer's production of his accountant's papers would not be authentication sufficient to admit the documents as evidence.

*Id.*

Here, Dr. Wang does not dispute that the Deposition Materials exist and that he controls them. *See* ECF 5 at PageID.261. His counsel admitted as much by advising Plaintiffs that she obtained Dr. Wang's deposition transcripts from the SEC and would

---

[1] All capitalized terms not defined herein shall have the same meanings as in the Motion. "Ex." references are to exhibits to Kevin A. Lavelle's reply declaration, filed herewith. Unless otherwise noted, all emphasis is added and citations are omitted.

produce them to Plaintiffs. ECF 1-2 at PageID.123. Thus, Plaintiffs can demonstrate with reasonable particularity the existence and location of the documents.

Dr. Wang's *sole* ground for invoking the act of production privilege is that producing the transcripts "could serve to authenticate them." ECF 5 at PageID.261. Dr. Wang is incorrect. Where a court reporter confirms "that [the deponent] was 'duly sworn . . .,' that the testimony was 'stenographically recorded . . . and afterwards transcribed . . .,' and that the transcript is a 'full, true and correct transcript of the testimony given by the witness,' . . . the authenticity of the deposition transcript is simply not an issue." *Arucan v. Cambridge E. Healthcare/Sava SeniorCare LLC*, 347 F. Supp. 3d 318, 345 (E.D. Mich. 2018), *aff'd*, 763 F. App'x 413 (6th Cir. 2019); *see also Weisblat v. John Carroll Univ.*, 2024 WL 4172597, at *6 (N.D. Ohio Sept. 12, 2024) ("The deposition offered includes a cover sheet, identifies the deponent, and includes the court reporter's certificate; therefore, it is properly authenticated."). Thus, the authenticity of Dr. Wang's deposition transcripts will be established independently by an attestation of the court reporter who transcribed the deposition – not by Dr. Wang's production of the transcripts.

An analysis of the May 14 Email compels the same conclusion. Cassava and the SEC publicly disclosed that Dr. Wang received the May 14 Email from Dr. Burns. Because the existence and location of the May 14 Email is already known, production of the May 14 Email is not testimonial. Notably, Dr. Wang does not contend otherwise. Nor would production of the May 14 Email be authentication sufficient to admit the documents

as evidence at trial. The Court in *United States v. Pancholi*, 2023 WL 5706197 (E.D. Mich. Sept. 5, 2023), analyzed the various ways in which an email may be authenticated under Federal Rule of Evidence 901:

> A number of courts, however, have suggested the key factor in the Rule 901(b) list when it comes to email authentication is Rule 901(b)(4). That provision explains that records may be authenticated by the introduction of testimony regarding their unique characteristics: *i.e.*, the "appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances." Fed. R. Evid. 901(b)(4).

2023 WL 5706197, at * 2. Absent from the *Pancholi* Court's list of ways to authenticate an email was production by a recipient of the email. *See id.*[2]

Here, the May 14 Email may be authenticated by Dr. Burns – who authored the May 14 Email and is a defendant in the underlying securities fraud action. *See United States v. Koubriti*, 297 F. Supp. 2d 955, 970-71 (E.D. Mich. 2004) ("[E]ven when compelled production might be incriminating and, as such call for application of the Fifth Amendment privilege, the Government's ability to authenticate the documents by other means negates the claim of privilege."). Plaintiffs' ability to authenticate the May 14 Email "by other means negates the claim of privilege." *Id.*

Even if the act of production privilege somehow applied – and it does not – Dr. Wang waived it by: (i) failing to assert it in a timely manner; and (ii) disclosing the location

---

[2] Dr. Wang's case, *United States v. Doe*, 465 U.S. 605 (1984), does not hold otherwise and involved facts that are not present here. *See id.* at 613 (declining to overturn factual findings that there was a testimonial aspect to production where the respondent did not admit to the existence or location of the subpoenaed documents).

and existence of the Withheld Documents. *See, e.g.*, *Bayview Loan Servicing, LLC v. McNaughton*, 2007 WL 2433996, at *1 (W.D. Mich. Aug. 22, 2007) (holding that litigant waived act of production privilege where "[a]t no time did defendants' counsel indicate that records would not be produced . . . based on a Fifth Amendment claim" until a last minute change of heart).

Dr. Wang claims that he can only waive his Fifth Amendment rights "'in the same proceeding in which a party desires to compel the witness to testify.'" ECF 5 at PageID.263 (original emphasis omitted). This argument does not absolve Dr. Wang. The conduct constituting the waiver did ***not*** occur in another action. Rather, Dr. Wang waived his Fifth Amendment privilege ***in this action*** by: (i) disclosing the existence and location of the Withheld Documents to Plaintiffs; and (ii) failing to timely assert the privilege. *See* ECF 1 at PageID.25-27. Accordingly, Dr. Wang waived his Fifth Amendment rights in the same proceeding in which Plaintiffs seek to compel Dr. Wang to produce documents.

## II. DR. WANG'S PROCEDURAL OBJECTION IS WAIVED

Dr. Wang's counsel accepted service of the subpoena, which set the place of compliance in Michigan, where Dr. Wang's counsel is located. In the 18 months after Plaintiffs served the subpoena, Dr. Wang ***never*** objected to the place for compliance when: (i) responding to the subpoena; (ii) producing documents; or (iii) during the lengthy meet and confer process. *See* ECF 1 at PageID.18-21; ECF 1-2 at PageID.201-299. It was not until November 25, 2024 – ***a week after*** Plaintiffs filed their Motion – that Dr. Wang

4916-2532-7877.v1

asserted for the first time that the subpoena violated Federal Rule of Civil Procedure 45(c)(2)(A)'s 100-mile rule. *See* Ex. 11. This objection is untimely and waived. *See Olivia Marie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 2011 WL 6739400, at *2 (E.D. Mich. Dec. 22, 2011) ("A nonparty's failure to timely object to the subpoena generally waives any objections."); *Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 210 (E.D. Mich. 2018) ("'As a general rule, failure to object to discovery requests within the thirty days provided by Rules 33 and 34 constitutes a waiver of any objection.'"); *Kuriakose v. Veterans Affs. Ann Arbor Healthcare Sys.*, 2016 WL 4662431, at *2 (E.D. Mich. Sept. 7, 2016) (same); *accord Sterling Merch., Inc. v. Nestle, S.A.*, 470 F. Supp. 2d 77, 85 (D.P.R. 2006) (a motion to quash is untimely if not filed within 14 days following the service of the subpoena or within the time provided to comply with the subpoena).

Dr. Wang pretends that his indictment somehow changes the analysis. He is wrong. The United States indicted Dr. Wang **more than five months ago** – on June 27, 2024. Thereafter, Dr. Wang: (i) engaged in a lengthy meet and confer with Plaintiffs over various responsive discovery; (ii) requested the deposition transcripts from the SEC; (iii) agreed to provide the SEC deposition transcripts to Plaintiffs "this week"; and (iv) agreed to provide a privilege log for any documents withheld on a claim of privilege. *See* ECF 1-2 at PageID.112-139. It was not until *after* Plaintiffs filed their Motion – many months after Dr. Wang was indicted – did Dr. Wang raise an objection to the place of compliance. But courts routinely deem untimely a failure to object to the place of compliance until after a

motion to compel is filed. *See Copeland v. C.A.A.I.R., Inc.*, 2024 WL 841215, at *5 (N.D. Okla. Feb. 28, 2024); *Henry Schein, Inc. v. Drea*, 2022 WL 18584628, at *3 (S.D. Iowa May 31, 2022) (refusing to deny motion to compel because respondent did not move to quash or object to the place for compliance until after the motion to compel was filed).[3]

Tellingly, Dr. Wang does not claim that producing the Withheld Documents constitutes an undue burden or that the Withheld Documents are irrelevant. Nor could he. *See, e.g.*, *Pictsweet Co. v. R.D. Offutt Co.*, 2020 WL 12968432, at *4 (M.D. Tenn. Apr. 23, 2020) ("Because the subpoenas . . . do not require personal appearance, and the requested documents can be produced electronically or by other means, the geographical limitation does not apply and there is no facial defect in the subpoenas."). Dr. Wang previously electronically produced over 12,000 documents in response to the subpoena, and he can do the same again for the Withheld Documents.[4]

---

[3] None of the cases cited by Dr. Wang support a finding that his objection – made well over a year after Dr. Wang responded to the subpoena, months after Dr. Wang first raised his purported Fifth Amendment privilege, and a week after the Motion was filed – is timely. *See Halawani v. Wolfenbarger*, 2008 WL 5188813, at *5 (E.D. Mich. Dec. 10, 2008) (granting motion to compel and finding objections overdue by one day were untimely and waived); *Zamorano v. Wayne State Univ.*, 2008 WL 597224, at *2 (E.D. Mich. Mar. 3, 2008) (finding no waiver when objections were propounded "***before the time specified for compliance***" and it was unclear when the non-party received the subpoena); *Am. Elec. Power Co., Inc. v. United States*, 191 F.R.D. 132, 137 (S.D. Ohio 1999) (finding no waiver where the objections to a subpoena were delayed by a matter of weeks); *Alexander v. F.B.I.*, 186 F.R.D. 21, 34 (D.D.C. 1998) (finding waiver of objections, other than overbreadth and burden, when objection overdue by two days).

[4] Even though Dr. Wang's objection was untimely, Plaintiffs offered to provide an alternative place of compliance for Dr. Wang's production. Ex. 11. The court in *Dyno*

Dr. Wang's request to refer the matter to the Western District of Texas is misplaced. ECF 5 at PageID.267-268. As set forth in the Motion, this Court is the proper forum under Rule 45, which states that motions to compel should be heard where compliance is required. ECF 1 at PageID.2 (quoting Fed. R. Civ. P. 45(d)(2)(B)(i)); *see, e.g.*, *Atlas Indus. Contractors LLC v. In2Gro Techs. LLC*, 2020 WL 1815718, at *2 n.3 (S.D. Ohio Apr. 10, 2020) (recognizing that "the proper forum for [a] motion seeking compliance with a subpoena" is "'the court for the district where compliance is required'").[5]

### III.  CONCLUSION

Plaintiffs respectfully request that the Court grant Plaintiffs' Motion.

DATED: December 9, 2024                Respectfully submitted,

                                                                    *s/ Kevin A. Lavelle*
                                                      Kevin A. Lavelle (California Bar No. 292442)
                                                      ROBBINS GELLER RUDMAN & DOWD LLP
                                                      655 West Broadway, Suite 1900
                                                      San Diego, CA 92101
                                                      Telephone: 619/231-1058
                                                      klavelle@rgrdlaw.com

---

*Nobel, Inc. v. Johnson*, 586 F. Supp. 3d 657, 662-63 (E.D. Ky. 2022), held that an alternative place of compliance can cure a purported violation of the 100-mile rule. Plaintiffs remain willing to modify the place for compliance for electronic production.

[5] Dr. Wang's lone authority concerns a motion to quash under the inapplicable pre-2013 amendments to the Federal Rules of Civil Procedure. *Compare United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 444 F.3d 462, 468 (6th Cir. 2006) (determining that a subpoena "must issue from the court for the district where the . . . production will be made" and therefore determining that "[t]he power to quash or modify the subpoena likewise resides with the issuing court"), *with* Fed R. Civ. P. 45(a)(2) (requiring that "[a] subpoena must issue from the court where the action is pending").

4916-2532-7877.v1

        Daniel S. Drosman
          (California Bar No. 200643)
        Jessica T. Shinnefield
          (California Bar No. 234432)
        Megan A. Rossi
          (California Bar No. 318643)
        Heather Geiger
          (California Bar No. 322937)
        Jeremy W. Daniels
          (California Bar No. 351347)
        655 West Broadway, Suite 1900
        San Diego, CA  92101
        Telephone:  619/231-1058
        dand@rgrdlaw.com
        jshinnefield@rgrdlaw.com
        mrossi@rgrdlaw.com
        hgeiger@rgrdlaw.com
        jdaniels@rgrdlaw.com

        Lead Counsel for Lead Plaintiff and Additional Plaintiff Ken Calderone

        THE MILLER LAW FIRM, P.C.
        SHARON S. ALMONRODE (P33938)
        950 West University Drive, Suite 300
        Rochester, MI  48307
        Telephone:  248/841-2200
        ssa@millerlawpc.com

        Local Counsel

KENDALL LAW GROUP, PLLC
JOE KENDALL
  (Texas Bar No. 11260700)
3811 Turtle Creek Blvd., Suite 825
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

Local Counsel for Lead Plaintiff and Additional Plaintiff Ken Calderone

GLANCY PRONGAY & MURRAY LLP
CHARLES H. LINEHAN
  (California Bar No. 307439)
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:  310/201-9150
310/201-9160 (fax)
clinehan@glancylaw.com

Counsel for Additional Plaintiff Manohar K. Rao

- 9 -

4916-2532-7877.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on December 9, 2024, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses of counsel of record.

*s/ Kevin A. Lavelle*
KEVIN A. LAVELLE (California Bar No. 292442)

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  klavelle@rgrdlaw.com

4916-2532-7877.v1